IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| **Lorenza Gerald Ferebee, Jr.,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:19cv1483 (LO/TCB) |
| ) | |
| **Harold Clarke,** ) | |
| Respondent. ) | |

## MEMORANDUM OPINION & ORDER

Under consideration is respondent Harold Clarke's motion to dismiss the instant petition for writ of habeas corpus filed by Virginia state prisoner Lorenza Ferebee. See Dkt. Nos. 14-16. Clarke contends in the motion that the petition is successive and untimely and must, therefore, be dismissed. Id. Petitioner has responded by filing three motions: (1) a motion for an evidentiary hearing [Dkt. No. 20]; (2) a motion in limine [Dkt. No. 21]; and (3) a motion for leave "to challenge the federal and state statutory laws" [Dkt. No. 22]. These motions are lengthy and, at points, difficult to understand. Nevertheless, because it is clear that petitioner has not received leave from the United States Court of Appeals for the Fourth Circuit before filing the instant petition—which is indeed successive as defined by 28 U.S.C. § 2244(b)—respondent's motion to dismiss must be granted. Petitioner is advised that this finding in no way bars him from seeking leave from the Fourth Circuit to file in the future a new petition in this Court.

### I. Background

In February 2012, petitioner filed a petition for writ of habeas corpus in this Court. See Ferebee v. Clarke, Case No. 1:12-cv-283 (LO/JFA). That petition was dismissed without prejudice after petitioner (1) failed to pay the required filing fee or apply to proceed in forma pauperis and (2) failed to respond to the Court's show cause order regarding potential procedural

defaults arising from the relevant state habeas proceedings. See id. at Dkt. No. 7. The Fourth Circuit later dismissed petitioner's appeal in that action. See Case No. 12-6942.

In July 2014, petitioner filed another § 2254 petition, challenging his convictions—entered in the Circuit Court for the City of Chesapeake on October 5, 2007—of use of a firearm in the commission of a felony, malicious wounding, and possession of a firearm by a convicted felon. See Ferebee v. Clarke, Case No. 1:14-cv-973 (LO/JFA). By Order dated November 25, 2014, the Court dismissed the petition as barred by 28 U.S.C. § 2244(d), which outlines the relevant statute of limitations for federal habeas petitions. Id. On November 18, 2019, petitioner filed the instant petition, challenging the same convictions he challenged in his July 2014 petition. See Dkt. Nos. 1, 6.

## II. Analysis

### A. *The Petition is Successive*

Respondent asserts that petitioner's submission is successive and that, because petitioner has not received prefiling authorization from the Fourth Circuit, this Court is without jurisdiction to consider its arguments.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(b), provides in relevant part:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

2

> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). Additionally, "[b]efore a second or successive application permitted by this section is filed in the district court," no matter how compelling its claims, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In the absence of prefiling authorization, the district court is without jurisdiction to entertain the successive petition. Evans v. Smith, 220 F.3d 306, 325 (4th Cir. 2000).

There can be no denial of the fact that petitioner previously filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. See Case No. 1:14-cv-973 (LO/JFA). This point is not determinative, though, as to the question of successiveness. Indeed, the phrase "second or successive" does not "refe[r] to all § 2254 applications filed second or successively in time." Pannetti v. Quarterman, 551 U.S. 930, 944 (2007). Instead, a petition is successive if it challenges the same judgment challenged by the preceding petition and the preceding petition was adjudicated on the merits. See Magwood v. Patterson, 561 U.S. 320 (2010); Harvey v. Horan, 278 F.3d 370, 379 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 562 U.S. 521 (2011) (citing Slack v. McDaniel, 529 U.S. 473, 485-89 (2000)).

Here, in his old petition and his new, petitioner has raised challenges to the October 5, 2007 judgment entered against him in the Circuit Court for the City of Chesapeake. See Dkt. Nos. 1, 6; see also Ferebee v. Clarke, Case No. 1:14-cv-973 (LO/JFA). It is thus abundantly clear that petitioner now challenges the same judgment he challenged in a previous petition.

3

It is equally clear that petitioner's 2014 petition was dismissed "on the merits." Indeed, that petition was dismissed as barred by § 2244(d)'s one-year statute of limitations. See Case No. 1:14-cv-973 (LO/JFA), Dkt. No. 14. Federal courts nationwide agree that that the dismissal of a habeas petition on time-bar grounds constitutes a dismissal "on the merits." See, e.g., In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) ("The dismissal of ... [petitioner's] first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements."); In re Flowers, 595 F.3d 204, 205 (5th Cir. 2009) (finding that first § 2254 petition dismissed as time-barred renders subsequent petition raising same claims "second or successive"); McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."); Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003) (holding "that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes"); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (finding dismissal of initial § 2254 petition as untimely renders subsequent § 2254 petition "second or successive" pursuant to 28 U.S.C. § 2244(b)(3)).

In an apparent attempt to avoid a finding that his submission is a successive habeas petition, petitioner has titled his filing as a "Motion to set aside and vacate a multiplicity of judgments." Id. Although his filings are difficult to understand, in them, petitioner makes passing references to Rule 60(b) of the Federal Rules of Civil Procedure. Due to 28 U.S.C. § 2244(b)'s statutory prohibition against the filing of second or successive habeas petitions, however, the United States Supreme Court has "firmly reined in" the availability of Rule 60(b) to

4

a prisoner who seeks to reopen a final judgment issued in his federal habeas proceedings. Moses v. Joyner, 815 F.3d 163, 168 (4th Cir. 2016). In Gonzalez v. Crosby, 545 U.S. 524 (2005), the Supreme Court considered the question of whether a habeas petitioner could ever invoke Rule 60(b) without running afoul of the statutory limitations on the filing of second and successive habeas petitions in § 2244. The Court held that Rule 60(b) had a "valid role to play in habeas cases," but it also made clear that this role is a narrow one. Gonzalez, 545 U.S. at 534. Indeed, Rule 60(b) motions that do not rely on new rules of constitutional law or newly discovered facts, "although labeled [] Rule 60(b) motion[s], [are] in substance [] successive habeas petition[s] and should be treated accordingly." Id. at 531. This Court fails to identify any instances in which petitioner raises newly-made rules of constitutional law or articulates facts unavailable to him at the time of his initial petition.[1] This submission is therefore properly construed as a petition for writ of habeas corpus.

In light of the above, pursuant to § 2244(b) and relevant Supreme Court authority interpreting that statute, petitioner's newly-filed petition is "second or successive" as defined by AEDPA. Because petitioner has not provided (and this Court cannot locate) a prefiling authorization from the United States Court of Appeals for the Fourth Circuit, this Court lacks jurisdiction to consider the petition. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move* in the appropriate court of appeals for an order authorizing the district court to consider the

---

[1] For this same reason, the newly-filed petition does not satisfy § 2244(b)(2)'s release valve, which allows consideration of claims invoking newly-made rules of constitutional law or facts unavailable to the petitioner at the time of filing of the first petition.

Similarly, the fact that petitioner's claims do not invoke new rules of constitutional law or a factual predicate that could not previously have been discovered render an evidentiary hearing unnecessary in this matter. See 28 U.S.C. § 2244(e)(2).

5

application.") (emphasis added); Jones v. Braxton, 392 F.3d 683, 686 (4th Cir. 2004) (no successive habeas petition may be filed without prior authorization from a Circuit Court of Appeals).

### B. *The Petition is Untimely*

The Court finds in the alternative that this petition is untimely and must be dismissed. Indeed, petitioner was convicted in 2007 and had completed his direct appeal and state habeas proceedings by 2012. See Record Nos. 081651; CL09-3407. He filed two federal petitions—one in 2012 and another in 2014—raising the same or similar arguments that he raised in the instant petition. His passing references to his institution's law library's inadequacy and obstacles associated with the institutional mailroom are too vague to explain or justify why he has allowed *five years* to elapse between his most recent petitions. Unfortunately, this unexplained delay dooms petitioner's hope of salvaging his petition through equitable tolling. Indeed, "equity aids the vigilant and not those who slumber on their rights." Kansas v. Colorado, 514 U.S. 673, 687 (1995). Nor has petitioner supported with "new reliable evidence" his claim of actual innocence, rendering that ground—another on which petitioner's untimeliness could have been forgiven—unavailable. See Schlup v. Delo, 513 U.S. 298, 324 (1995) ("To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.").

### III. Conclusion

For the reasons stated above, it is hereby

ORDERED that respondent's motion to dismiss [Dkt. No. 14] be and is GRANTED; and it is further

ORDERED that the petition be and is DISMISSED WITH PREJUDICE as successive and untimely; and it is further

ORDERED that petitioner's motion for an evidentiary hearing [Dkt. No. 20] be and is DENIED as unnecessary; and it is further

ORDERED that petitioner's motions in limine [Dkt. No. 21] and to "challenge the federal and state statutory law(s)" [Dkt. No. 22] be and are DENIED as moot.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the petitioner wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision. Petitioner also must obtain a certificate of appealability ("COA") from a circuit justice or judge. See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). The Court expressly declines to issue a COA for the reasons explained above.

The Clerk is directed to (1) send copies of this Memorandum Opinion & Order to petitioner and to counsel of record for respondent and to (2) close this civil case.

Entered this 21st day of Dec 2020.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge